739 P.2d 1369

STATE of Arizona, S. David Childers as Director of Insurance of the State of Arizona and as Receiver of Common Market Employee Benefit Association, Plaintiffs-Appellants,

v.

ARIZONA PENSION PLANNING, Marvin L. Bates, Ray E. Bingham, Robert E. Bolt, Robert L. Bothwell, Robert K. Bowden, Brokers Consulting Service, George Casey, John G. Dunn, Kenneth M. Einhorn, Nickoel C. Elam, Grant Elford, Morris H. Fausett, Theo Hunsaker, Alva O. Jensen, James Killebrew, W.L. Laney, Robert Lear, Raymond E. Lekawa, Richard Leopold, Paul Lindsey, Thomas J. Miller, Jerry Moyes, Ron Moyes, Richard Ryan, Securance Marketing Corp., James Sheffer, Shields Co., Ltd., Edward A. Shields, and Tessier & Associates, John Doe 1–100, Jane Doe 1–100, Black Corporation 1–100 and White Corporation 1–100, Defendants-Appellees.

No. 1 CA–CIV 8085.

Court of Appeals of Arizona
Division 1, Department B.

June 10, 1986.

Robert K. Corbin, Atty. Gen. by Susan Gallinger, Asst. Atty. Gen., Martori, Meyer, Hendricks & Victor by Ron Kilgard, Phoenix, for plaintiffs-appellants.

Weltsch, Santerre, Van De Krol & Green, Ltd. by Scott Santerre, Scottsdale, for defendants-appellees Shields.

Beer & Toone by Donald P. Roelke, Phoenix, for defendant-appellee Einhorn.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Scott Boehm, Larry L. Smith, Phoenix, for defendants-appellees Securance Marketing Corp. and Thomas J. Miller.

Kunz and Waugh by Donald R. Kunz, Phoenix, for defendants-appellees Bingham, Bolt, Bowden, Brokers Consulting Service, Elford, Fausett, Jensen, Lekawa, Leopold and Sheffer.

Ronald W. Meyer, Phoenix, for defendant-appellee Ryan.

Carmichael, McClue & Powell by Sidney G. McClue, Jr., Phoenix, for defendants-appellees Moyes.

John G. Dunn, pro se.

## OPINION

JACOBSON, Presiding Judge.

This appeal arises from a summary judgment granted in favor of the defendants, who are insurance agents, on two consolidated actions filed by the Arizona Director of Insurance.

In December of 1975, the Common Market Employment Benefit Association (Common Market) was formed as an unincorporated association. Common Market was to provide benefits to its members pursuant to the federal Employee Retirement Income Security Act (ERISA). 29 U.S.C. §§ 1001 *et seq.* Under federal law, ERISA benefit plans are not subject to state regulation. 29 U.S.C. § 1144(a).

On November 3, 1976, the Arizona Director of Insurance concluded Common Market was not truly an ERISA association, but was rather an unauthorized insurance company conducting business illegally in Arizona. The Director filed suit to enjoin Common Market from transacting further business in this state. After a stipulation between the parties regarding the injunction and the preservation of all defenses, the trial court entered a permanent injunction against Common Market and appointed a conservator to manage its affairs. Subsequently, this conservator requested that Common Market be liquidated and that the Director of Insurance be appointed as receiver. On April 17, 1978, the trial court entered an order in accordance with the conservator's request.

The Director of Insurance then filed two additional, separate actions, on October 11, 1978, against various individuals and business entities previously involved in selling Common Market insurance plans. The first action was formally pursued by the Director in his capacity as receiver for Common Market and sought to recover insurance commissions paid to the defendant agents for selling Common Market benefit plans. The second action was brought by the State of Arizona, through the Director, and sought a money judgment equal to insurance claims submitted to Common Market, but unpaid due to its insolvency.

All three lawsuits were consolidated and all claims against out-of-state defendants were dismissed for lack of personal jurisdiction. We affirmed the ruling dismissing for lack of personal jurisdiction in a memorandum decision. *State v. Bonnet*, 1 CA–CIV 5331 (Ariz.App. Dec. 22, 1981).

The parties filed cross-motions for summary judgment on the claims for recovery of commissions and unpaid policy benefits. On November 29, 1983, the trial court announced its judgment in favor of defendants as to both of these causes of action, stating in pertinent part:

I. *With regard to the ... [claim for commissions] ...:*

**54**

. . . .

3. ... [T]here is no affirmative statutory authority requiring the defendant agents ... to surrender their commissions. On the contrary, A.R.S. § 20–402(A) states that an insurer's unauthorized status does not impair 'any' act or contract of the insurer. This language precludes recovery of the defendants' commissions.

II. *With regard to the ... [recovery of an amount equivalent to insurance claims submitted by insureds, but unpaid]:*

1. Plaintiffs have no standing to sue on behalf of the insureds under A.R.S. §§ 20–402 or 20–142(A) (apart from a class action which was denied by Judge Strand on 12/28/79).[1] A.R.S. § 20–142(A) does not give sufficiently specific authority to the State to sue on behalf of the insureds. See also Rule 19(B).

. . . .

The foregoing findings are not intended to impair legally recognized means of collecting moneys to pay the insureds claims; including recovery from any agents shown to have acted with knowledge of Common Market's unauthorized status. No such evidence exists.

A formal judgment adopting this rationale was entered by the trial court on May 29, 1984. This judgment did not address the question whether Common Market was a true ERISA association, but was limited to addressing the claims against Common Market's agents. The judgment below presumed Common Market was not in compliance with ERISA, merely for the purpose of placing the Director's claims in the most favorable light possible. Accordingly, the question whether this presumption is correct is immaterial to our present consideration.

The State and the Director of Insurance appeal the trial court's decision, raising the following major issues:

(1) Whether the Director of Insurance, as receiver of an insolvent insurer, may recover commissions earned by the insur-er's agents for the benefit of creditors and insureds, under the doctrine of unjust enrichment; and

(2) Whether the Director of Insurance has standing or authority, in his capacity as either Director or receiver of an insolvent insurer, to file suit against the insurer's agents for recovery of the insureds' unpaid policy claims.

## RECOVERY OF COMMISSIONS

On appeal, the Director of Insurance concedes no affirmative, statutory authority exists for his action to recover commissions from former Common Market selling agents. Rather, the Director cites the general law regarding unjust enrichment as the basis for this claim. To successfully allege unjust enrichment in Arizona, a party must show that another party "received a benefit, that by receipt of that benefit he was unjustly enriched at ... [the complaining party's] expense, and that the circumstances ... [are] such that in good conscience ... [the party benefitted] should make compensation." *In re Pyeatte*, 135 Ariz. 346, 352, 661 P.2d 196, 202 (App. 1982); *City of Sierra Vista v. Cochise Enterprises, Inc.*, 144 Ariz. 375, 697 P.2d 1125 (App.1984).

In maintaining the law of unjust enrichment applies, the Director argues the commissions in question were transferred to the agents as part of an illegal transaction (unauthorized insurance), and in exchange for a "worthless product." Although the matter has not been judicially determined below, we must assume for the purpose of this appeal that the subject transactions were in violation of state law. Regardless of this assumption, however, we reject the Director's contention that the agents received and retain their commissions unjustly.

█ When the instant lawsuits were commenced, A.R.S. § 20–402(A) stated:

The failure of an insurer transacting insurance business in this state to obtain a certificate of authority shall not impair the validity of any act or contract of such

---

1. Judge Strand's ruling applied only to the State Director's request, as receiver of Common Mar-ket, to have defendants certified as a class.

insurer and shall not prevent such insurer from defending any action at law or suit in equity in any court of this state....[2]

As asserted by the agents, this statutory language protects the validity and effectiveness of the Common Market benefit plans sold. These policies are not "worthless". On the contrary, Common Market insureds enjoy fully enforceable rights, as creditors of Common Market, to recover claims they file with the receiver.

Moreover, the expense in this context attached to the *insureds*, as opposed to Common Market. The insureds are thus the only parties who might have recovered the commissions under the doctrine of unjust enrichment. The Director fails to establish he is a proper party to pursue this claim.

Most importantly, we are unable to perceive how the agents earned commissions on sales of effective insurance policies are unjust, in the absence of evidence they had previous notice that Common Market was an unauthorized insurance company. No such evidence exists on the record.

### RECOVERY OF UNPAID POLICY CLAIMS

The Director asserts that A.R.S. § 20–402(B), combined with his sufficiently adversarial interests in this matter and the general law applicable to receiverships, mandates his authority to commence an action against Common Market agents for the recovery of unpaid policy claims. We disagree.

At the time the Director filed the actions below, A.R.S. § 20–402(B) provided:

> In the event of failure of any ... unauthorized insurer to pay any claim or loss within the provisions of ... [its] insurance contract, any person who acted directly or indirectly as an agent for or otherwise represented or aided the insurer in the solicitation, negotiation, procurement or effectuation of such insurance contract or renewal thereof shall be liable *to the insured* for the full amount of the claim or loss in the manner provided by the provisions of such insurance contract.[3]

(emphasis added).

■ This statute unambiguously grants to the *insureds* the right to recover claimed, but unpaid, insurance policy benefits from the insurer's agents. Hence, the Director, in his general capacity as the state's Director of Insurance, has no authority to conduct a lawsuit under A.R.S. § 20–402(B). No other statutory authority exists for such proceedings.

■ We must additionally address the question whether the Director may properly institute this action in his formal capacity as receiver of Common Market. We conclude that he may not.

As argued by the Director, the general law of receivership characterizes the receiver as "stepping into the shoes" of the insolvent entity's creditors. 2A G. Couch, *Cyclopedia of Insurance Law* § 22:44 (2d ed. 1984); 3 R. Clark, *A Treatise on the Law and Practice of Receivers* § 765 (3d ed. 1959); 75 C.J.S. *Receivers* § 325 (1952). Nonetheless, the receiver represents creditors' interests only to the extent of marshalling the insolvent entity's assets for distribution. *See* A.R.S. §§ 20–613, 20–624 and 20–628; 2A G. Couch, *supra*. In establishing the boundaries of his authority as receiver of Common Market, the Director failed to note such authority does not encompass the power to file lawsuits against third parties, based upon purely personal claims of Common Market's insureds under A.R.S. § 20–402(B). *See Cotten v. Republic National Bank*, 395 S.W.2d 930 (Tex.Civ.App.1965); 19A Appelman, *Insurance Law and Practice*, § 10681 (1982). The rights created by § 20–402(B) belong solely to the insureds and do not constitute an asset of Common Market. Thus, the power to commence lawsuits under this statute falls beyond the broad sweep of the Director's authority as receiver. We therefore conclude the Director has no authority to recover unpaid policy claims for the benefit of insureds under A.R.S. § 20–402(B) or the general law of receivership.

---

**2.** This statute has since been amended, but is not materially altered.

**3.** This provision has since been amended, but is not materially altered.

We need not reach other issues raised by the parties, as our present discussion effectively disposes of the matter before us. Although the trial court awarded attorney's fees pursuant to A.R.S. § 12–348, both parties request such fees on appeal, under A.R.S. § 12–341.01. Without deciding the issue whether this matter arises out of contract for purposes of that statutory provision, we exercise our discretion to deny attorney's fees on appeal.

Affirmed.

CORCORAN and CONTRERAS, JJ., concur.